UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marlandow Jeffries, ) | C/A No. 5:17-cv-01665-RBH-KDW |
| Petitioner, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| Warden Bonita Moseley, ) | |
| Respondent. ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual and Procedural Background

This case was filed by a federal prisoner, Marlandow Jeffries ("Petitioner"), who was convicted of several firearm and drug-related crimes on a jury verdict in the United States District Court for the Northern District of Georgia. The jury verdict was entered on May 13, 2009. ECF No. 89 in *United States v. Jeffries*, No. 1:07-cr-00311-RWS-LTW ("Criminal Matter"). Petitioner was sentenced to 276 months in prison on Counts 2 and 3, concurrent sentences of 120 and 240 months on Counts 4 and 5, and 84 months on Count 6 to run consecutively to the sentences on Counts 2-5. Petitioner was also sentenced to 5 concurrent years on Counts 2, 3, and 6, and 3 concurrent years on Counts 4 and 5. ECF No. 101 in Criminal Matter. According to the Eleventh Circuit in its opinion on Petitioner's unsuccessful direct

appeal, Petitioner was sentenced "as a career offender to a 360-month prison sentence." *United States v. Jeffries*, 378 F. App'x 961, 962 (11th Cir. 2010).

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 on May 12, 2011. ECF No. 162 in Criminal Matter. According to the report and recommendation issued on his motion, Petitioner "was a career offender under the U.S. Sentencing Guidelines . . . because of his prior felony convictions." ECF No. 168 in Criminal Matter at 4. The magistrate judge who drafted the report and recommendation found that "[t]he prior convictions used to qualify [Petitioner] as a career offender were felony drug convictions in state court in August 2001." *Id*. The magistrate judge also found that Petitioner "did not object to the use of those convictions at sentencing and, in fact, stipulated to them at trial." *Id*. Among other assertions, Petitioner argued in his § 2255 motion that his trial counsel was ineffective for not informing him that he faced career-offender sentencing and not telling him that he could collaterally challenge the prior convictions used as predicates for career-offender sentencing. *Id*. at 5. The § 2255 motion was denied on November 21, 2011. *Jeffries v. United States*, No. 1:07-CR-0311-RWS, 2011 WL 5858027 (N.D. Ga. Nov. 21, 2011).

Jefferies attempted to amend his § 2255 motion to raise additional arguments relating to the proper consideration of his prior convictions for sentencing-guidelines-application purposes. The district court denied that amendment as being untimely. ECF No. 196 in Criminal Matter. On April 23, 2014, the Eleventh Circuit affirmed the district court. *Jeffries v. United States*, 748 F.3d 1310 (11th Cir. 2014). The United States Supreme Court denied Petitioner's Petition for Writ of Certiorari. *Jeffries v. United States*, 135 S. Ct. 241 (2014). Petitioner then filed a Motion to Reduce Sentence under "Amendment 782," which was denied on August 10, 2016. ECF Nos. 214, 220 in Criminal Matter. Another Motion to Reduce Sentence under "Amendment 794" was

2

denied on January 3, 2017. ECF Nos. 222, 224 in Criminal Matter. Petitioner sought permission from the Eleventh Circuit to file a successive § 2255 motion in June 2016, but the request was denied on July 29, 2016. *In re: Jeffries*, No. 16-14183 (11th Cir. 2016).

Here, Petitioner filed his Petition 28 U.S.C. § 2241 and argues he is "legally and factually innocent" of being a career offender, relying on a recent United States Supreme Court case: *Mathis v. United States*, 136 S. Ct. 2243 (2016). He also relies on *United States v. Conley*, 137 S. Ct. 153 (2016);[1] *United States v. Descamps*, 133 S. Ct. 2276 (2013); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *Shepard v. United States*, 544 U.S. 13 (2005) for his argument that two of the predicate offenses used to support his career-offender sentence enhancement—Georgia state convictions for possession with intent to distribute marijuana—do not qualify as "controlled substance offenses" for career-offender sentencing under the Federal Sentencing Guidelines. Petitioner argues that he is "actually innocent of the Career Offender components of his sentence." ECF No. 1 at 10. Although the petition form Petitioner was directed to complete included a specific question about whether he averred that the § 2255 remedy is inadequate and ineffective to test the legality of his detention, Petitioner left that portion of the petition form blank. *See* ECF No. 1-2 at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992);

---

[1] *Conley* is a one-page memorandum opinion in which the United State Supreme Court vacated and remanded an opinion from the Fifth Circuit Court of Appeals for "further consideration in light of *Mathis v. United States* . . . ." 137 S. Ct. at 153 (citation omitted).

*Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III. Discussion

The § 2241 Petition under review is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)

(citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Here, as discussed above, Petitioner's initial § 2255 motion in his criminal case was denied by another district court in 2011. Petitioner's requested authorization from the Eleventh Circuit to file another § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), was also denied. However, it is settled that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Petitioner's allegations fail to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. *See In re Jones*, 226 F.3d 328 (4th Cir. 2000). The *In re Jones* court held that, in order to challenge the validity of a conviction or sentence based on new law, a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34.

The Petition under review fails to demonstrate that the conduct for which Petitioner was convicted (possession of a firearms and drugs) has been deemed non-criminal by any substantive law change since the conclusion of Petitioner's initial § 2255 motion. Instead of challenging his conviction as implicated in *In re Jones*, Petitioner alleges that he is "actually innocent" of his sentence enhancement. He argues that his previous Georgia convictions for possession with intent to distribute marijuana do not qualify as predicate offenses for enhanced sentencing under the sentencing guidelines in light of *Mathis* and *Descamps* and a the Fifth Circuit's decision in *Hinkle*. However, *Mathis*, *Shepard*, or *Descamps* do not apply retroactively in this Circuit. *See, e.g., Stewart v. United States*, No. ELH-17-1408, 2017 WL 2361089, at *5 (D. Md. May 31, 2017) (§ 2255 case collecting cases holding that neither *Descamps* nor *Mathis* is retroactive); *Brandon v. Wilson*, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241 case collecting cases holding *Mathis* non-retroactive); *Summey v. Haynes*, No. 3:05-cv-109, 2007 WL 2005547, at *2 (N.D.W. Va. July 10, 2007) (§ 2241 case holding that *Shepard* is not retroactive). The *Conley* case cited by Petitioner is not a substantive opinion; the *Hinkle* case is not binding on this court. Nor, as previously indicated, do either affect the validity of Plaintiff's conviction. As a result, Petitioner cannot satisfy the *In re Jones* test for a proper § 2241 petition. Moreover, Petitioner fails to state a valid claim for actual innocence because he presents no new evidence not presented at his sentencing hearing or trial that would support such a claim. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to show actual innocence, one must present new reliable evidence not presented at trial).

Finally, the Fourth Circuit has not extended the reach of the § 2255 savings clause to prisoners, such as Petitioner in this case, who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (challenge to sentencing factor is not cognizable under § 2241). Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the

legality of his detention, nor has he presented a cognizable § 2241 claim of actual innocence under the *In re Jones* case. This matter should be dismissed.

IV. Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice* because the shortcomings evident in the pleading cannot be corrected by amendment.

IT IS SO RECOMMENDED.

August 31, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).